Silas Williams, Administrator, Appellee, v. Mt. Vernon Car Manufacturing Company, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Jefferson county; the Hon. WILLIAM H. GREEN, Judge, presiding. Heard in this court at the March term, 1915. Reversed and remanded. Opinion filed December 1, 1915.

## Statement of the Case.

Action by Silas Williams, administrator of the estate of Willie Williams, plaintiff, against the Mt. Vernon Car Manufacturing Company, defendant, for causing the death of the plaintiff's intestate. From a judgment for plaintiff, defendant appeals.

As alleged, the death was caused by the negligence of the defendant in shifting cars upon the tracks in its manufacturing plant without giving proper warnings, whereby the deceased, an employee, was crushed between the cars.

G. GALE GILBERT, for appellant.

HART & WILLIAMS, CONRAD SCHUL and MOSES PULVERMAN, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 221*—*when instruction not confining jury to negligence alleged erroneous.* In an action to recover for personal injuries caused by the negligence of the defendant, an instruction which fails to confine the jury to the particular negligence alleged in the declaration as the cause of the injury sustained, but allows

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

them to base their finding upon any character of negligence shown by the evidence, is erroneous.

2. NEGLIGENCE, § 216*—*when instruction on negligence as modified invades province of jury.* In a personal injury action based on the defendant's negligence, it is erroneous for the court to substitute the word "may" for "should" in the defendant's instruction, reciting the negligence charged in the declaration, seeking to confine the negligence to that alleged and charging the jury that unless the negligence was of the character so described and alleged in the declaration they should find the defendant not guilty, inasmuch as by such modification the discretion of the jury was substituted for their duty.

3. DEATH, § 73*—*when instruction erroneous as not limiting damages to pecuniary damages resulting from death.* An instruction in an action for causing the death of the plaintiff's intestate, that the plaintiff is entitled to recover "for the exclusive benefit of the widow and next of kin of the deceased, such damages as the jury may believe from the evidence the said widow and next of kin have sustained by reason of said death, not to exceed in all, however, the sum of ten thousand dollars," is erroneous in not limiting the damages to the pecuniary damages resulting from the death.